UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JAMES CLINTON MCCORVEY, JR. <br> FED. REG. #06261-017 <br><br> VERSUS <br><br> J. P. YOUNG | CIVIL ACTION NO.  2:11-CV-782 <br><br> SECTION P <br><br> JUDGE MINALDI <br><br> MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. § 2241 on May 20, 2011, by petitioner James Clinton McCorvey, Jr. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is currently incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).  Doc 1.  Petitioner names FCIO Warden J.P. Young as his defendant herein. *Id*.  In his petition, he alleges that the sentence imposed by the U.S. District Court, Northern District of Florida (Pensacola) is unconstitutional as it is based on a now erroneous application of 18 U.S.C. § 924(e)(1) relative to sentencing under the armed career criminal act (ACCA).  Doc. 1, att 2, p. 6.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 2241 and the standing orders of the court.  For the reasons given below, it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

On March 6, 2006, petitioner was found guilty of violating counts 1 and 2 of an indictment, namely possession with the intent to distribute cocaine and possession of a firearm

1

by a convicted felon. Doc. 1, att. 2, p. 7. On April 24, 2006, the government filed a notice of enhancement listing a felony battery, battery on a law enforcement officer, and a drug offense as prior convictions for sentence enhancement purposes. *Id.* On May 23, 2006, he was sentenced to 294 months BOP imprisonment for each count, to run concurrently. *Id.* Petitioner appealed the judgment of conviction and sentence, which was affirmed by the Eleventh Circuit on February 26, 2007. *Id.*

Petitioner filed his first §2255 motion on December 6, 2007, which was denied on January 8, 2009. *Id.* Certiorari was denied by the United States Supreme Court March 23, 2010. *Id.* Petitioner states that he filed a § 2241 petition in the Fourth Circuit in June of 2010 and it was dismissed in March of 2011. *Id.* The records also show that he filed another § 2255 motion on December 17, 2010. *Id.* The petition was dismissed on January 25, 2011 as second and successive. *Id.* Petitioner states that he then filed an application with the Eleventh Circuit seeking permission to file a second or successive § 2255, which he states was denied on April 11, 2011. *Id.*

Petitioner filed the instant writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 20, 2011. Doc. 1. His petition claims that the sentence imposed by District Court should be vacated based on new case law under which he no longer qualifies as an armed career criminal under 18 U.S.C. § 924(e)(1). Doc. 1, att. 2, p. 8. More specifically, petitioner contends that the U.S. Supreme Court's ruling in *Johnson v. United States*, 130 S.Ct. 1265 (2010), mandates that his sentence be vacated as the prior convictions used to enhance his sentence are no longer considered to be crimes of violence for the purpose of 18 U.S.C. § 924(e)(1). *Id.* In *Johnson*, the Supreme Court held that, in the context of a statutory definition of "violent felony," the

phrase "physical force" means violent force–that is force capable of causing physical pain or injury to another person. 130 S.Ct. at 1270. The court went on to find that the defendant's prior battery conviction under Florida law was not a "violent felony" under the ACCA. 130 S.Ct. at 1274.

Petitioner advances the same basic arguments in the instant petition as the petitioners did in *Johnson*. He also claims that the holding in Johnston applies retroactively to his case. Based on this contentions, petitioner states that his sentence should be vacated and that he should be resentenced absent the ACCA designation and with the benefit of any other reduction to which he may be entitled (i.e., a reduction in the firearm enhancements). Doc. 1, att. 2, p. 16.

*Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. § 2241. *Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, petitioner collaterally attacks his incarceration arguing sentencing error with regard to his federal drug conviction. Insofar as petitioner contests errors occurring at sentencing, not the manner in which the sentence is being executed, his claim is more appropriately raised in a § 2255 Motion to Vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is

3

"inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense.[1] Consequently, he is unable to carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255, and he "may not avail himself of section 2241 relief in this case.

In sum, the petitioner has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 must be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

---

[1] *Johnson* is a new rule of procedural law which has not been made retroactively applicable to cases on collateral review. Although McCorvey argues that *Johnson* should be applied retroactively to his case, the Supreme Court has not yet held it to be retroactively applicable to on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 121 S. Ct. 2478 (2001) (A new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.)

*Recommendation*

Accordingly, **IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir.  1996)**.

THUS DONE this 27th day of September, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE